## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DONALD BROWN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:23-CV-00477-XR** |
| | § | |
| **NEWLEAF HOMES, LLC,** | § | |
| **AND FRED GHAVIDEL** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' RESPONSE AND ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS <u>SUBJECT TO RULE 8 AND RULE 12 DEFENSES</u>

TO THE HONORABLE JUDGE XAVIER RODRIGUEZ:

**NOW COME NEWLEAF HOMES LLC, AND FRED GHAVIDEL,**

Defendants in the above styled referenced complaint, and would respectfully show

unto the Court as follows:

### I.    DISCOVERY PLAN AND RULE 47 STATEMENT

1.      There are no general denials in federal court. Therefore, paragraph 1 is

specifically denied. Defendants NewLeaf Homes, LLC, and Fred Ghavidel will

endeavor to respond to each paragraph in plaintiff Brown's complaint utilizing the

same headings and paragraph numbers as the complaint to the extent possible. The

parties have submitted scheduling order recommendations.

**2.** Texas Rule of Civil Procedure 47(c) does not apply; however, NewLeaf Homes LLC, and Fred Ghavidel will abide by the federal court disclosure rules. Defendants acknowledge that plaintiff seeks monetary relief over $250,000.00, but less than $1,000,000.00 but defendants NewLeaf Homes, LLC, and Fred Ghavidel deny that plaintiff has any right or claim that would entitle him to monetary or equitable relief of any kind. The remainder of the paragraph is denied.

## II.   PARTIES

**3.** Admitted to the extent plaintiff was a sales agent for NewLeaf Homes, LLC, and claims to reside in Seguin, Texas but denied in all other aspects.

**4.** Admitted Defendant NewLeaf Homes, LLC is a Texas limited liability company with its principal place of business in San Antonio, Texas.

**5.** Denied, Fred Ghavidel is improperly identified as a party in his personal individual capacity, he is the co-owner and manager of NewLeaf Homes, LLC, and all actions taken were on behalf of NewLeaf Homes, LLC.

## III.   JURISDICTION AND VENUE

**6.** Defendants admit that NewLeaf Homes LLC, is a Texas limited liability company with its principal place of business in San Antonio, Texas, and may be served with process through its registered agent for service: Fred Ghavidel, 6735

I.H. 10 West, Suite 103, San Antonio, TX 78201, but deny that plaintiff has plead or proven a cognizable claim for monetary damages or equitable relief.

7.    Defendants, admit that venue is proper in the United States District Court for the Western District of Texas, San Antonio Division in Bexar County, Texas.

## IV. EXHAUSTION OF ADMINISTRTIVE REMEDIES

**8.**    Defendants admit that plaintiff filed a Charge with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission Civil Rights Division but deny the remainder of paragraph 8. Defendants note that there are numerous discrimination claims that were not raised at the administrative levels below and therefore have not been administratively exhausted and should be dismissed pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure. The EEOC and the TWC-CRD dismissed plaintiff claims, (TWC-CRD) after investigating the claims.

## V.    WAIVER OF ARBITRATION

**9.**    Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants deny the remaining allegations in paragraph 9.

**10.**    Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants deny the remaining allegations in paragraph 10.

**11.** Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants deny the remaining allegations in paragraph 11.

**12.** Admitted to the extent this is not subject to arbitration, denied in all other respects. Defendants deny the remaining allegations in paragraph 12.

**13.** Admitted to the extent this is not subject to arbitration, denied in all other respects. Defendants deny the remaining allegations in paragraph 13.

**14.** Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants deny the remaining allegations in paragraph 14.

**15.** Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants deny the remaining allegations in paragraph 15.

**16.** Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants deny the remaining allegations in paragraph 16.

**17.** Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants deny the remaining allegations in paragraph 17.

## VI. BACKGROUND FACTS

### A.    NewLeaf Homes, LLC

**18.**    Defendants admit that NewLeaf Homes, LLC is a homebuilder, and residential community builder and land developer that constructs and sells new houses within its residential communities / subdivisions. Regarding paragraph number 18 under the Background Facts section, NewLeaf Homes, LLC acknowledges it is in the business of building and selling homes, and communities.

**19.**    Plaintiff DONALD BROWN  worked as an independent contractor, commission-based sales agent or subcontractor, but not as an hourly employee of NewLeaf Homes, LLC. NewLeaf Homes, LLC admits it is in the business of building and selling new homes and residential communities. Defendants deny the remainder of paragraph 19.

**20.**    Admitted to the extent these are the approximate dates Donald Brown was a sales agent for NewLeaf Homes, LLC. Defendants deny the remainder of paragraph 20.

**21.**    Admitted to the extent these are the approximate dates Donald Brown was a sales agent for NewLeaf Homes, LLC.

**22.**    Defendants deny paragraph 22.

**23.**     Defendants admit only that Donald Brown was a commission–based sales agent for NewLeaf Homes, LLC and carried out the duties associated with said designation. These are incomplete mischaracterizations. Any and all other allegations in paragraph 23 are denied.

**24.**     Paragraph 24 is admitted to the extent it was part of the NewLeaf Homes, LLC's agreement with sales agents at a certain point in time but denied in all other respects.

**25.**     Denied to the extent this implies that NewLeaf Homes, LLC dictated the specific criteria for a sales agent to earn their commission; admitted to the extent it sets forth some of the procedures for securing sales.

**26.**     Defendants deny paragraph 26 (a) through (f) as an incomplete mischaracterization.

**27.**     Defendants deny the implication in paragraph 27 that plaintiff earned commissions at the time of contract signing with clients of NewLeaf Homes, LLC. Commissions are earned at closing (funding). Defendants deny paragraph 27.

**28.**     Defendants deny the implication in paragraph 28 that plaintiff earned commissions with NewLeaf Homes, LLC for which he was not paid. To the extent an answer is required, Defendants deny paragraph 28.

**29.**     Defendants deny paragraph 29 to the extent that plaintiff contends commissions were earned at signing, they were earned at closing (funding).

**30.**    Defendants deny the implication in paragraph 30 that there is "no agreement that plaintiff's earned commissions would be canceled upon termination of plaintiff's employment". Defendants deny that plaintiff earned commissions during his employment with NewLeaf Homes, LLC for which he was not paid. Defendants deny that plaintiff continued to earn sales commissions after his termination. Defendants deny paragraph 30.

**31.**    Defendants deny that NewLeaf Homes, LLC has failed or refused to pay plaintiff any sales commissions earned during his employment. Defendants deny paragraph 31.

**32.**    Defendants deny that paragraph 32 sets forth the only causes for which a sales agent could have their commissions withheld after termination. Commissions were and are payable at closing which is when the funding of the home purchase occurs.

**33.**    Similarly to paragraph 32, defendants deny paragraph 33 to the extent it seeks to limit the legitimate causes for which commissions can be withheld and to the extent it seeks to make a legal conclusion that "cause does not exist" for withholding commissions.

**34.**    Defendants deny paragraph 34. There are a multitude of reasons why a signed contract for the construction of a home or sale of a home may not close and be funded.

**35.**    Plaintiff was paid for all sales commissions he was due. To the extent that

further answer is required, defendants deny paragraph 35.

**36.**    Plaintiff Brown has been paid for all sales commissions earned while

employed as a commissioned sales agent at NewLeaf Homes, LLC. Defendants

deny paragraph 36.

**37.**    Defendants deny that NewLeaf Homes, LLC has failed or refused to pay

plaintiff any sales commissions earned during his employment. Furthermore,

NewLeaf Homes, LLC applied the same or similar commission schedule to all of

its sales agents during their employment by NewLeaf Homes, LLC. Defendants

deny paragraph 37. Plaintiff's view of the business of building and selling homes is

inaccurate and not economically viable.

**38.**    Defendants deny paragraph 38.

**1.**    *Plaintiff Was Not an Hourly Employee—Plaintiff Was an Authorized*
*Commission Sales Agent of NewLeaf Homes, LLC.*

**39.**    Plaintiff Brown was at no time an hourly employee of NewLeaf Homes,

LLC. Plaintiff was a sales representative exempt from hourly compensation under

the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §201-19. Defendants deny

paragraph 39.

**40.**    Defendants deny paragraph 40.

**41.**    Defendants classification of Plaintiff Brown as a commissioned sales agent was at all times proper and authorized as well as an "at will" situation terminable by either party. Defendants deny paragraph 41.

**42.**    Plaintiff Brown was a valued commission- based sales agent for NewLeaf Homes, LLC. Brown signed numerous documents during his association with NewLeaf Homes, LLC. Fred Ghavidel has been improperly joined as a party defendant. Defendants deny paragraph 42.

**43.**    The manner in which Plaintiff Brown performed his sales services was determined by Brown.  Defendants deny paragraph 43.

**44.**    Plaintiff was a valued sales agent and performed work for the benefit of himself and NewLeaf Homes, LLC. To the extent an answer is required here, Defendants deny paragraph 44.

**45.**    Plaintiffs' statement at paragraph 45 is a complete misunderstanding or mischaracterization of the facts. Defendants deny paragraph 45.

**46.**    Defendants deny paragraph 46. Sales staff including plaintiff were given freedom to do their job consistent with NewLeaf Homes, LLC's principles including honesty with clients, fairness, and on-going communications with buyers and construction crews.

**47.**    Defendants admit that NewLeaf Homes, LLC maintained control over pricing and marketing to the extent this was possible during the pandemic which

greatly affected supply chain availability of building materials, appliances and even masking. All of these factors greatly affected sales in a negative way. The remainder of paragraph 47 is denied.

**48.**    Defendants deny paragraph 48 as incomplete and therefore misleading.

**49.**    Defendants admit that NewLeaf Homes, LLC was subject to the variations in pricing during the pandemic that were unprecedented in modern times. Further defendants admit to marketing their homes and communities in traditional ways and wholly new ways in an effort to remain in business during volatiles times. The remainder of Plaintiff's paragraph 49 is denied.

**50.**    NewLeaf Homes, LLC provided some of the marketing materials and equipment to help sales agents succeed. Defendants deny paragraph 50.

**51.**    Defendant NewLeaf Homes, LLC provided necessary marketing materials including an inventory of houses to be sold. Pricing is always a consequence of costs and availability of materials and labor which was volatile and uncertain during the pandemic. However, to the extent an answer is required, Defendants deny paragraph 51.

**52.**    Defendants provided different types of insurance for NewLeaf Homes, LLC, paragraph 52 is unclear or misleading and denied.

**53.**    Defendants deny paragraph 53.

**54.**    NewLeaf Homes, LLC sales agents worked in the field and largely out of the office and used Docusign to help prevent fraud and for record keeping purposes but defendants deny paragraph 54 in all other respects.

**55.**    Plaintiff purchased the supplies he needed or wanted beyond the traditional supplies provided such as uniform receipt books that were part of Defendant NewLeaf Homes, LLC duty to keep business records. NewLeaf Homes, LLC would reimburse sales agents for required items. However, to the extent an answer is required, Defendants deny paragraph 55.

**56.**    NewLeaf Homes, LLC did from time to time encourage sales representatives to attend on-site sales meetings where methods and training were discussed. Sales agents very often worked out of model homes on site. However, to the extent an answer is required, Defendants deny paragraph 56.

**57.**    Paragraph 57 mischaracterizes the manner and specific hours that Plaintiff utilized the model homes in an effort to make contact with customers or potential customers. Plaintiff Brown was engaged in his own distinct occupation or business. However, to the extent an answer is required, Defendants deny paragraph 57.

**58.**    Plaintiff and fellow sales professionals were expected to manage themselves and each other so as to be effective and successful. NewLeaf Homes, LLC from time to time organized regular meetings at its main office to share helpful marketing information, training and materials to help sales agents. However, to the

extent an answer is required, Defendants deny paragraph 58.

**59.**    Plaintiff's contentions at paragraph 59 are denied except to the extent Defendants did their best to keep sales representatives motivated and productive during prime business hours given the fact of the downturn in the local, state and national economy due to supply chain issues and labor shortages caused by the COVID-19 pandemic. Defendants deny paragraph 59.

**60.**    Plaintiff was "free to work for others" or to "hire helpers". This would have required notice and approval by NewLeaf Homes, LLC to the extent this would have affected NewLeaf Homes, LLC or its other sales agents. Nonetheless, to the extent an answer is required, Defendants deny paragraph 60.

**61.**    Defendants provided sales agents including Mr. Brown with small motivational gift cards or bonuses to make selling homes easier or more likely or more profitable. Defendants deny paragraph 61 in all other respects.

**62.**    Defendants deny plaintiff's allegations in paragraph 62; plaintiff certainly "exercised managerial skills that affected his opportunity for profit or loss."

**63.**    Defendants deny paragraph 63.

**64.**    Defendants admit that NewLeaf Homes, LLC paid plaintiff by checks and deny paragraph 64 in all other respects.

**65.**    IRS form 1099s are appropriately used when businesses make payments during a calendar year to self-employed (individual) or small business. They are

considered "informational" in that a copy of the 1099 is also filed with the Internal Revenue Service. Paragraph 65 is admitted to the preceding extent but denied for all other purposes.

**66.** Admitted that 1099s are informational returns as defined by the Internal Revenue Code.

**67.** Defendants vigorously deny plaintiff's meritless contention that the 1099s issued by NewLeaf Homes, LLC were fraudulent or false in any way.

**68.** Defendants deny plaintiff was "improperly classified" or that it issued "fraudulent 1099s"; paragraph 68 is denied.

**69.** Defendants deny using 1099s rather than W-2s as "part of a scheme to avoid tax liability" under the Federal Unemployment Tax Act. Furthermore, Defendants deny using 1099s rather than W-2s as part of a scheme involving worker's compensation. The claims in paragraph 69 are frivolous, inconsistent and malicious claims by plaintiff Brown and/or his counsel which violate Rule 11, Federal Rules of Civil Procedure.

**70.** Defendants deny that NewLeaf Homes, LLC improperly issued 1099 IRS Forms to plaintiff Brown or any other sales agent. Issuing a 1099 does not constitute fraudulent conduct. This constitutes another frivolous and inconsistent claim by plaintiff and his counsel.

**71.** Defendants deny paragraph 71.

72.    Defendants deny plaintiff's frivolous allegations that NewLeaf Homes, LLC business policies and practices deprived plaintiff of wages or any federal minimum wage or overtime wages. Defendants deny paragraph 72. This baseless contention also violates Rule 11, Federal Rule of Civil Procedure.

73.    Plaintiff's paragraph 73 is denied in that it misstates the facts, is malicious and intended to harass. Plaintiff's baseless allegations are frivolous and sanctionable.

74.    Plaintiff's paragraph 74 is denied in that it misstates the facts, misstates the laws and operative FLSA regulations and guidelines. Plaintiff's baseless allegations are frivolous and sanctionable.

75.    Defendants agree on the federal minimum wage set by the FLSA but deny that plaintiff was an hourly based employee.

76.    Plaintiff's paragraph 76 is denied. Further, paragraph 76 misstates the applicable laws and operative FLSA regulations and guidelines. Plaintiff's baseless allegations are frivolous and sanctionable.

77.    Defendants deny paragraph 77.

78.    Defendants deny paragraph 78, in that plaintiff was properly paid for his work for NewLeaf Homes, LLC. Plaintiff Brown was an exempt outside sales representative in accordance with the Federal Labor Standards Act (FLSA).

**79.** Defendant NewLeaf Homes, LLC denies failing to keep accurate and appropriate records; Defendant Fred Ghavidel was at no time an employer of plaintiff and should be dismissed from this suit. Defendants NewLeaf Homes, LLC and Fred Ghavidel deny that plaintiff has any right or claim that would have entitled him to receive minimum wage and any overtime wages because plaintiff Donald Brown was a commissioned sales agent not an hourly employee. Defendant Fred Ghavidel has been improperly sued as he was not an employer as defined by the FLSA. Moreover, plaintiff Brown has not and cannot factually claim that Fred Ghavidel should be considered a joint employer, or that he is the alter ego of NewLeaf Homes, LLC or advance any theory of co-mingling of bank accounts or other such facts that could possibly serve as the basis for such a theory. To the extent an answer is required defendants deny paragraph 79.

**80.** Defendants deny paragraph 80.

**81.** Defendants deny paragraph 81.

**82.** Defendants deny that plaintiff was employed by NewLeaf Homes, LLC as an hourly employee during the time period in question; plaintiff Brown was an authorized commissioned outside sales agent. Defendants NewLeaf Homes, LLC and Fred Ghavidel deny plaintiff's allegations of failing to maintain proper employment records and deny failing to pay plaintiff for commissions earned and deny that plaintiff as a commissioned sales agent was entitled to overtime

compensation pursuant to the FLSA. Sec 29 CFR 541.500 Plaintiff's claims once again, are without merit, are unsupported by the evidence and/or the supporting regulations and law. These are frivolous allegations for which plaintiff Brown and/or his counsel should be sanctioned by this Court. To the extent an answer is required defendants deny paragraph 82.

## B.    Fred Ghavidel Not a Proper Party

**83.**    Defendants admit that Fred Ghavidel is an owner, president and manager of NewLeaf Homes, LLC, and carried out the usual functions of a manager; denied in all other respects.

**84.**    Defendants deny that plaintiff can define how the actions or inactions of NewLeaf Homes, LLC can be equated generally with the acts or omissions of Fred Ghavidel; paragraph 84 is denied.

**85.**    Paragraph 85 is denied.

**86.**    Defendants admit that as general manager of NewLeaf Homes, LLC Fred Ghavidel terminated plaintiff Brown due to the uncertain business climate caused by the pandemic and the disruptions this caused in the home building business and other factors. In all other respects paragraph 86 is denied.

**87.**    Defendants deny paragraph 87 as an unfounded, false and malicious contention.

**88.**    Defendants deny that plaintiff Brown was "underpaid" earned commissions. The remainder of the paragraph is denied.

**2.    No Joint Employer**

**89.**    Defendants deny that NewLeaf Homes, LLC and Fred Ghavidel have ever been "joint employers" within the meaning of section 3(d), FLSA, 29 USC §203 (d). Fred Ghavidel has never acted in his personal or individual capacity an employer of plaintiff.

**90.**    Defendants deny paragraph 90.

**91.**    Defendants deny paragraph 91.

**92.**    Defendant Fred Ghavidel admits that he is the owner, President, and Manager of NewLeaf Homes, LLC but denies that he is an employer in his individual capacity. NewLeaf Homes, LLC is an employer and had the authority to hire or terminate plaintiff.

**93.**    Defendant Fred Ghavidel admits that he is the owner, President, and Manager of NewLeaf Homes, LLC but denies that he has ever been an employer in his individual capacity. NewLeaf Homes, LLC is an employer and properly paid plaintiff Brown for all commissions due and supervised him through its managers. Defendant Fred Ghavidel denies the remaining parts of paragraph 93.

**94.**    Defendants NewLeaf Homes, LLC itself or its agents, officers, employees, or representatives, including Defendant Ghavidel, deny that NewLeaf Homes, LLC

"determined which days and times plaintiff would work and decide how he would do his job."

**95.**    Only NewLeaf Homes, LLC determined how sales agents were paid which was on commission; the amounts were determined by agreement and the payment of a home at closing. The remainder of paragraph 95 is denied.

**96.**    Defendants deny plaintiff's allegations in paragraph 96 that Fred Ghavidel determined plaintiff should be classified as an independent contractor. This was a decision made by plaintiff and NewLeaf Homes, LLC. Defendants deny the remaining allegations in paragraph 96.

**97.**    Defendants deny any and all allegations in paragraph 97. NewLeaf Homes, LLC maintains employment records.

**98.**    Defendants deny the allegations at paragraph 98 that NewLeaf Homes, LLC and Mr. Ghavidel can be treated as one and the same party. NewLeaf Homes, LLC is a separate tax paying entity from Fred Ghavidel. The company has a separate existence from Ghavidel. The company maintains records.

**99.**    Defendants NewLeaf Homes, LLC and Fred Ghavidel deny that they have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Rule b (1) (2) and (b) defenses are hereby asserted for Fred Ghavidel as plaintiff has not stated a claim for relief against Ghavidel for which relief can be granted. Paragraph 99 is denied.

**100.** Defendants NewLeaf Homes, LLC and Fred Ghavidel deny the allegations in paragraph 100. Frank Ghavidel is not an employer within the meaning of the FLSA. He is a manager of NewLeaf Homes, LLC which is a separate tax paying entity. As such, there is no basis for holding Ghavidel personally responsible for acts performed in a managerial capacity for his employer. Paragraph 100 is denied.

**101.** Defendants NewLeaf Homes, LLC and Fred Ghavidel deny the allegations in paragraph 101.

**102.** Paragraph 102 is unclear and confusing and therefore denied. Defendants NewLeaf Homes, LLC and Fred Ghavidel deny the allegations in paragraph 102, they have never been joint employers within the meaning of Section 3(b) of the FLSA, 29 U.S.C. § 203(d). Paragraph 102 is denied.

**103.** Defendants NewLeaf Homes, LLC and Fred Ghavidel deny the allegations in paragraph 103; there is no basis in fact or law or regulation for holding them responsible as joint employers. NewLeaf Homes, LLC has always been the employer of plaintiff. Paragraph 103 is denied.

**104.** Defendants NewLeaf Homes, LLC and Fred Ghavidel deny the allegations in paragraph 104.

**C.    No Discrimination Against Plaintiff or Others**

**105.** Defendants deny paragraph 105.

**106.** Defendants cannot confirm that the plaintiff timely filed a Charge of Discrimination with the appropriate administrative agencies. Additionally defendants deny the claims of discrimination made by plaintiff. Defendants further note that plaintiff has failed to exhaust many of his claims urged in this complaint and request dismissal of all unexhausted claims pursuant to Rule 12 (b) (6), Federal Rules of Civil Procedure. To the extent an answer is required, paragraph 106 is denied.

**107.** Defendants deny paragraph 107.

**108.** Defendants object to the plaintiff's mischaracterization of the defendant NewLeaf Homes, LLC's Statement of Position ("SOP") that was submitted in response to the plaintiff's EEOC Charge of Discrimination in Paragraph 108. To the extent an answer is required, Defendants deny paragraph 108.

**109.** Defendants deny the allegations in paragraph 109.

**110.** Defendants deny paragraph to the extent that the "unforeseen housing market" clearly refers to the effects of COVID-19 pandemic and the efforts by government to slow/stop the spread of the disease, which were unprecedented in modern times and affected all markets. To the extent an answer is required defendants deny paragraph 110.

**111.** To the extent an answer is required, Defendants deny paragraph 111. Plaintiff's contention that NewLeaf Homes, LLC and other similar businesses were

not struggling for their business lives due to the supply chain issues, labor shortages, and public health issues is not grounded in reality.

**112.**  To the extent an answer is required, paragraph 112 is denied. Plaintiff's contention that NewLeaf Homes, LLC and other similar businesses were not struggling for their business lives due to the supply chain issues, labor shortages, and public health issues is not grounded in reality.

**113.**  To the extent an answer is required, paragraph 113 is denied.

**114.**  Plaintiff was employed only by NewLeaf Homes, LLC and not by Fred Ghavidel. To the extent an answer is required, paragraph 114 is denied. The unforeseen changes in the housing market were discussed regularly. Defendants deny the allegation in 114 that a "high school student could do the job." These terminations were painful but necessary for the survival of the company.

**115.**  Defendants object to the plaintiff's blatant efforts to fabricate evidence. For plaintiff to contend that "any change in the housing market had no impact on the number of sales agents counselors needed…" shows a shocking level of awareness and disregard for the economic viability of New Leaf Homes, LLC.  This is another violation of counsel's duties to this Court and to the legal process. This is a violation of Rule 11 (b) (1) in that it is being presented for an improper purpose such as to harass and increase the costs of litigation; (2) the asserted claims are not warranted by existing law or by a non–frivolous argument for extending,

modifying, or reversing existing law or establishing new law. Defendants believe this conduct is sanctionable. To the extent an answer is required, paragraph 115 is denied.

**116.** Defendants deny paragraph 116.

**117.** Paragraph 117 is unclear and confusing as to who considered plaintiff Donald Brown a "permanent employee". To the extent an answer is required, defendants deny paragraph 117.

**118.** Defendants deny the allegations in paragraph 118.

**119.** Defendants deny the allegations in paragraph 119.

**120.** Defendants deny the allegations in paragraph 120.

**121.** Defendants admit that plaintiff filed a Charge with the EEOC, and notes that the EEOC dismissed plaintiff's claim after an investigation. However, defendants cannot confirm that the suit was timely filed. Additionally, there are numerous claims in this suit that were not presented to the EEOC or TWC – CRD and therefore have not been exhausted. Defendants will move for the dismissal of baseless and unexhausted claims pursuant to Rule 12 (b) (6), Federal Rules of Civil Procedure.

## VII. CONDITIONS PRECEDENT AND NOTICE

**122.** Defendants deny all conditions precedent "have been performed, waived or have occurred."

## VIII. CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

**123.**   Defendants deny the "incorporation by reference" of prior paragraphs or any following paragraphs. Many of plaintiff's "shotgun" paragraphs are inconsistent and at odds with one another. Plaintiff's paragraph 123 is denied.

**124.**   Defendants admit paragraph 124 to the extent plaintiff worked as an independent sales agent for NewLeaf Homes, LLC; denied in all other respects.

**125.**   Defendants admit paragraph 125 to the extent plaintiff worked as an independent sales agent for NewLeaf Homes, LLC; denied in all other respects.

**126.**   Defendants deny Plaintiff was an employee. Plaintiff, Donald Brown was an independent contractor, commission-based sales agent, or subcontractor for NewLeaf Homes, LLC. The rest of Paragraph 126 is denied.

**127.**   Paragraph 127 is denied.

**128.**   Defendants deny all allegations in paragraph 128.

**129.**   Defendants deny all allegations in paragraph 129.

**130.**   Defendants deny the allegations in paragraph 130.

### COUNT II
### QUANTUM MERUIT

**131.**   Defendants deny all allegations in paragraph 131.

**132.**   To the extent an answer is required, Defendants deny that plaintiff has any claim for quantum meruit.

**133.**   Defendants admit paragraph 133 to the extent plaintiff was a valued commission based sales representative for New Leaf Homes, LLC.

**134.**   Admitted to the extent Donald Brown entered into an agreement with NewLeaf Homes, LLC and was a valued sales agent; denied in all other respects.

**135.**   Admitted to the extent this refers to NewLeaf Homes, LLC.

**136.**   Defendants deny paragraph 136; plaintiff was previously paid.

**137.**   Defendants deny paragraph 137.

**138.**   Defendants deny paragraph 138.

**139.**   Defendants deny paragraph 139.

**140.**   Defendants deny paragraph 140.

**141.**   Defendants deny paragraph 141. Plaintiff was properly paid. Moreover, Fred Ghavidel is not a proper party to this action in his individual capacity.

**142.**   Defendants deny paragraph 142.

## COUNT III.
## PROMISSORY ESTOPPEL

**143.**   Defendants admit paragraph 143 to the extent that plaintiff Brown was an independent contractor, commission-based sales agent, or subcontractor for NewLeaf Homes, LLC, but deny paragraph 143 in all other respects.

**144.** Defendants deny paragraph 144.

**145.** Defendants deny paragraph 145.

**146.** Defendants deny paragraph 146.

**147.** Defendants deny paragraph 147.

**148.** Defendants deny paragraph 148.

**149.** Defendants deny paragraph 149.

**150.** Defendants deny that plaintiff has stated a cognizable claim or injury for promissory estoppel in paragraph 150. This is vexatious pleading and should be dismissed pursuant to Rule 12 (b) (6), Federal Rules of Civil Procedure.

**151.** Defendants deny all allegations in paragraph 151. Plaintiff provided services for which he was completely paid.

## COUNT IV.
## NO UNJUST ENRICHMENT

**152.** To the extent an answer is required, paragraph 152 is denied.

**153.** To the extent an answer is required, paragraph 153 is denied.

**154.** Defendants admit paragraph 154 and note that plaintiff was fully and properly paid for his services, denied in all other respects.

**155.** Plaintiff was fully and properly compensated for all sales during his employment. To the extent an answer is required, Defendants deny all allegations in paragraph 155. Plaintiff has no claim for unjust enrichment, he was properly

paid for all commissions earned during his employment with NewLeaf Homes, LLC.

**156.** Defendants deny all allegations in paragraph 156. Plaintiff was fully and properly compensated.

**157.** Defendants deny all allegations in paragraph 157.

**158.** Defendants deny all allegations in paragraph 158.

**159.** Plaintiff was fully and properly compensated. To the extent an answer is required, Defendants deny all allegations in paragraph 159.

## COUNT V.
## FRAUD

**160.** Defendants deny paragraph 160

**161.** The plaintiff's claims of fraud are frivolous, unsupported by law or facts and should be sanctioned. To the extent an answer is required, Defendants deny all allegations in paragraph 161.

**162.** Plaintiff, like all commissioned sales agents, are paid on closing (funding) during their employment. The claims are frivolous, unsupported by law or facts and should be sanctioned. To the extent an answer is required, Defendants deny all allegations in paragraph 162.

**163.** Defendants deny all allegations in paragraph 163.

**164.** Defendants deny all allegations in paragraph 164.

165.    Paragraph 165 is denied. All material facts were communicated to plaintiff and he was paid for all commissions earned during his employment.

166.    Plaintiff Brown's "boilerplate" pleadings are frivolous and denied.

167.    Plaintiff Brown's pleadings are frivolous; paragraph 167 is denied. Pleadings of this nature violate the requirements of Rule 11, Federal Rule of Civil Procedure.

168.    Plaintiff Brown's pleadings are frivolous; paragraph 168 is denied. Pleadings of this nature violate the requirements of Rule 11, Federal Rule of Civil Procedure.

## COUNT VI.
## MONEY HAD AND RECEIVED

169.    Plaintiff's claims in paragraph 169 are incorporated by reference claims that are frivolous, made in bad faith and upon information and belief intended to harass and are denied.

170.    Plaintiff's claims for money allegedly owed are frivolous and therefore denied. To the extent an answer is required, Defendants deny all allegations in paragraphs 169 through 174.

171.    Defendants deny all allegations in paragraph 171.

172.    Defendants deny all allegations in paragraph 172.

173.    Defendants deny all allegations in paragraph 173.

174.    Defendants deny all allegations in paragraph 174.

## COUNT VII
## THEFT OF SERVICES

175.    Defendants deny all allegations in paragraph 175.

176.    Defendants deny all allegations in paragraph 176.

177.    Defendants deny all allegations in paragraph 177.

178.    Plaintiff's paragraph 178 is denied. The claims are meritless and denied.

179.    Plaintiff's paragraph 179 is unsupported, frivolous, and denied.

180.    Plaintiff's paragraph 180 is unsupported, frivolous, and denied.

181.    Plaintiff's paragraph 181 is unsupported, frivolous, and denied.

182.    Plaintiff's paragraph 182 is unsupported, frivolous, and denied.

## COUNT VIII
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

183.    Plaintiff's paragraph 183 is unsupported, frivolous, and denied. A wholesale incorporation of paragraphs includes paragraphs that are irreconcilable.

184.    Plaintiff's paragraph 184 is unsupported, frivolous, and denied.

185.    Plaintiff's paragraph 185 is unsupported, frivolous, and denied.

186.    Plaintiff's paragraph 186 is unsupported, frivolous, and denied.

187.    Paragraph 187 fails to allege any facts that are applicable to the case at bar. Defendants respectfully request these claims be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12 (6), Federal Rules of

Civil Procedure. To the extent an answer is required the allegations in paragraph 187 are denied.

**188.** Paragraph 188 fails to allege any facts that are applicable to the case at bar, it is an erroneous legal conclusion. *See* 29 CFR 541, 500 (a); (b); *Johnson v. Heckmann Water Resources (CVR), Inc.* 758 F. 3d 627, 630 (5th Cir 2014). To the extent an answer is needed paragraph 188 is denied.

**189.** Paragraph 189 fails to allege any facts that are applicable to the case at bar. Plaintiff was a sales agent. *Meza v. Intelligent Mexican Marketing, Inc.*, 720 F. 3d 577, 581 (5th Cir. 2013). To the extent an answer is needed paragraph 189 is denied.

**190.** Defendants agree the FLSA governs minimum wage and overtime. Paragraph 190 fails to allege any facts that are applicable to the case at bar. To the extent an answer is needed paragraph 190 is denied.

**191.** Defendants deny that plaintiff was subject to the minimum wage requirements of the FLSA. *Id.* To the extent an answer is needed paragraph 191 is denied.

**192.** Paragraph 192 is denied as inapplicable, *Id.*; *see also Martinez v. Superior Health Plan, Inc.*, 371 F. sup. 3d 370, 377 – 79 (W.D. Tex. 2019).

**193.** Plaintiff Brown's "boiler plate" pleading at paragraph 193 is denied for reasons stated in 192. Further, defendants note that this is  not arguing for a good

faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 193 are hereby denied.

**194.** Plaintiff Brown's "boiler plate" pleading at paragraph 194 is completely without any support in facts or law and cannot reasonably and professionally be construed as arguing for a good faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 194 are hereby denied.

**195.** Plaintiff Brown's pleadings are without any support in facts or law and cannot reasonably and professionally be construed as arguing for a good faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 195 are hereby denied.

**196.** Plaintiff Brown's "boiler plate" pleading at paragraph 196 is again without any support in facts or law and cannot reasonably and professionally be construed as arguing for a good faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 196 are hereby denied.

**197.** Plaintiff Brown's request for damages or equitable relief and expenses pursuant to the FLSA are groundless and should be denied.

## COUNT IX
## CIVIL DAMAGES FOR VIOLATION OF 26 U.S.C. § 7434
## WILLFUL FILING OF FRUDULENT TAX FORMS

**198.** Plaintiff Brown's "boiler plate" pleading at paragraph 198 fails to identify which paragraphs it seeks to incorporate by reference and is denied.

**199.** Plaintiff Brown's "boiler plate" pleading at paragraph 199 lacks any support in facts or law and cannot reasonably and professionally be construed as arguing for a good faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 199 are hereby denied.

**200.** Defendants acknowledge that "IRS Form 1099 is an information return". Plaintiff was properly issued 1099's to document his commission – based earnings as required by law.

## COUNT IX.
## NEWLEAF HOMES, LLC ET. AL. HAVE
## NOT VIOLATED 26 U.S.C. § 7734

**201.** Paragraph 201 has been previously denied with specificity in paragraph 18-104. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 201 is denied.

**202.** Paragraph 202 has been previously denied and is again denied. It is respectfully submitted that this may constitute vexatious litigation.

**203.** Paragraph 203 has been previously denied and is again denied. It is respectfully submitted that this may constitute vexatious litigation.

**204.** Paragraph 204 has been previously denied and is again denied. It is respectfully submitted that this may constitute vexatious litigation.

**COUNT X**
**NO VIOLATIONS OF THE TEXAS PAYDAY LAW**

**205.** Paragraph 205 has been previously denied and are hereby denied again. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 205 is denied.

**206.** Paragraph 206 has been previously denied and is again denied here. All compensation was timely paid and properly paid. Fred Ghavidel is not an employer. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 206 is denied.

**207.** Paragraph 207 has been previously denied and is denied again. Fred Ghavidel is not an employer. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 207 is denied.

**208.** Paragraph 208 is denied. Plaintiff has been promptly and properly paid. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 208

is denied.

**209.**    Paragraph 209 is denied. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 209 is denied.

## COUNT XI
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

**210.**    Paragraph 210 is denied. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 210 is denied.

**211.**    Paragraph 211 has been previously denied with specificity in paragraph 31-81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 211 is denied.

**212.**    Paragraph 212 has been previously denied with specificity in paragraph 20-68. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 212 is denied.

**213.**    Paragraph 213 has been previously denied with specificity in paragraph 31-81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 213 is denied.

**214.**    Paragraph 214 has been previously denied with specificity in paragraph 31-81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 214 is denied.

**215.** Paragraph 215 has been previously denied with specificity in paragraph 31-81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 215 is denied.

**216.** Defendants agree with the principles set forth in 42 U.S.C. § 1981 but note that the facts of this case do not give rise to any cognizable claim. Plaintiff's claims should be denied as meritless and dismissed pursuant to Rule 12 (b) (6), Federal Rules of Civil Procedure. Defendants deny paragraph 216.

**217.** Defendants admit plaintiff was employed by New Leaf Homes, LLC as a commission sales based agent and properly compensated; denied in all other respects.

**218.** Defendants deny all allegations paragraph 218.

**219.** Defendants deny all allegations paragraph 219.

**220.** Defendants deny all allegations in paragraph 220.

**221.** Defendants deny all allegations in paragraph 221.

**222.** Defendants deny all allegations in paragraph 222.

**223.** Defendants deny all allegations in paragraph 223.

**224.** Defendants deny all allegations in paragraph 224.

**225.** Defendants deny all allegations in paragraph 225.

**226.** Defendants deny all allegations in paragraph 226.

**227.** Defendants deny all allegations in paragraph 227.

**228.** Defendants deny all allegations in paragraph 228.

**229.** Defendants deny all allegations in paragraph 229.

**230.** To the extent an answer is required, Defendants deny all allegations in paragraph 230.

**231.** Defendants deny all allegations in paragraph 231.

**232.** Defendants deny all allegations in paragraph 232.

**COUNT XII**
**NO RACE OR COLOR DISCRIMINATION IN VIOLATION OF**
**TITLE VII & TEXAS COMMISSION ON HUMAN RIGHTS**

**233.** Defendants deny all allegations in paragraph 233.

**234.** Defendants deny all allegations in paragraph 234.

**235.** Defendants agree with the principles set forth at 42 U.S.C. § 2000e but deny that they apply much less were violated. To the extent an answer is required, Defendants deny all allegations in paragraph 235.

**236.** Defendants admit that plaintiff was employed at NewLeaf Homes, LLC but not by Fred Ghavidel in his individual capacity. To the extent an answer is required, Defendants deny all allegations in paragraph 236.

**237.** Defendants deny all allegations in paragraph 237.

**238.** Defendants deny all allegations in paragraph 238.

**239.** Defendants deny all allegations in paragraph 239.

**240.** Defendants deny all allegations in paragraph 240.

**241.** Defendants deny all allegations in paragraph 241.

**242.** Defendants deny all allegations in paragraph 242.

**243.** Defendants deny all allegations in paragraph 243.

**244.** To the extent plaintiff claims wrongdoing by the defendants toward plaintiff, defendants' deny all allegations in paragraph 244.

**245.** To the extent plaintiff claims wrongdoing and/or a racial animus by defendants, it is denied. Defendants deny all allegations in paragraph 245.

**246.** Defendants deny all allegations in paragraph 246 to the extent they accuse or imply any racial or discriminatory animus or actions.

**247.** Plaintiff is not stating facts but rather is making conclusory statements of law that do not apply to defendants. To the extent an answer is required, Defendants deny all allegations in paragraph 247.

**COUNT XIII**
**NO AGE DISCRIMINATION IN VIOLATION OF AGE**
**DISCRIMINATION IN EMPLOYMENT ACT OF 1967 & TEXAS**
**COMMISSION ON HUMAN RIGHTS**

**248.** Defendants deny all allegations in paragraph 248.

**249.** Once again, plaintiff's "boilerplate" pleadings make no factual allegations that apply to plaintiff's case Paragraph 249 is denied.

**250.** Plaintiff refers to unexplained age discrimination which fails to put defendants on notice of the conduct or misconduct, actions or inactions complained

about. To the extent an answer is required, Defendants deny all allegations in paragraph 250.

**251.**  Plaintiff's paragraph 251 is denied to the extent it may contain allegations of age discrimination. Defendants deny all allegations in paragraph 251.

**252.**  Defendants deny all allegations in paragraph 252.

**253.**  Defendants deny all allegations in paragraph 253.

**254.**  Defendants deny all allegations in paragraph 254.

**255.**  Defendants deny all allegations in paragraph 255.

**256.**  Plaintiff was at all times a valued sales agent of NewLeaf Homes, LLC. To the extent an answer is required, Defendants deny all allegations in paragraph 256.

**257.**  Defendants deny all allegations in paragraph 257.

**258.**  Defendants deny all allegations in paragraph 258.

**259.**  Defendants deny all allegations in paragraph 259.

**260.**  Defendants deny all allegations in paragraph 260.

**261.**  Defendants deny all allegations in paragraph 261.

**262.**  Defendants deny all allegations in paragraph 262.

**263.**  Defendants deny all allegations in paragraph 263.

**264.**  Defendants deny all allegations in paragraph 264.

**265.**  Defendants deny all allegations in paragraph 265.

**266.**  Defendants deny all allegations in paragraph 266.

## IX.    REQUEST FOR ACCOUNTING IS MERITLESS

**267.**  Defendants deny all allegations in paragraph 267. Plaintiff has no factual or legal basis for an accounting.

**268.**  Defendants deny all allegations in paragraph 268.

**269.**  Defendants deny all allegations in paragraph 269.

## X.    ATTORNEYS' FEES SHOULD BE DENIED TO PLAINTIFF

**270.**  Plaintiff has not shown, and it is respectfully submitted cannot show, any right or entitlement to attorney fees against any defendant. To the extent an answer is required, Defendants deny all allegations in paragraph 270.

## XI.    PRESERVATION OF EVIDENCE

**271.**  To the extent an answer is required, Defendants deny all allegations in paragraph 271.  All parties have a duty to preserve evidence. Defendants will adhere to the requirements of the Federal Rules of Civil Procedure and expect all parties to do likewise.

## XII.    DEMAND FOR JURY TRIAL

**272.**  Defendants do not believe the plaintiff has shown any right or breach or wrongdoing that would entitle him to a jury trial but to the extent the plaintiff can make such a showing the defendants join in plaintiff's request for a jury trial.

## XIII. REQUIRED INITIAL DISCLOSURES

**273.** Initial disclosures will be provided in accordance with the Federal Rules of Civil Procedure.

## XIV.  COUNTERCLAIM FOR ATTORNEY FEES

**274.** Pursuant to the code, Defendants are entitled to recover their attorney fees, expenses and court costs. Hence, Defendants pray for all costs and attorney fees associated with the defense of this present case in the amount of at least $50,000.00. Pursuant to the Texas Civil Practice & Remedies Code §38.001 et seq; Texas Labor Code §21.259; ADEA, Title VII and 42 U.S.C section 1981 and Rule 11, Federal Rules of Civil Procedure.

**275.** In the event an appeal to the United States Court of Appeals for the Fifth Circuit is needed Defendants seek at least $50,000.00, plus cost of the transcript and other costs of court.

**276.** If an appeal to the Supreme Court is required Defendants will incur and therefore seek at least an additional $50,000.00 plus costs.

## XV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that this case be dismissed pursuant to Rules 12 (b)(6) or Rule 56 and that plaintiff's claims be denied and take nothing and further request defendants be

granted judgment of and from defendants against plaintiff Donald Brown in the amount of attorney fees incurred and costs incurred in the defense of this matter.

Respectfully submitted,

By: _____
EDWARD L. PIÑA
Attorney at Law
State Bar No. 16011352
MATTHEW NEAL GOSSEN
Attorney at Law
State Bar No. 24069814
EDWARD L. PIÑA & ASSOCIATES, P.C.
*The Ariel House*
8118 Datapoint Drive
San Antonio, Texas 78229
(210) 614-6400 Telephone
(210) 614-6403 Facsimile
Email: epina@arielhouse.com
Email: mgossen@arielhouse.com
ATTORNEYS FOR DEFENDANTS'
NEWLEAF HOMES, LLC, AND
FRED GHAVIDEL

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June 2023, a true and correct copy of the foregoing Defendants' Response and Answer to Plaintiff Donald Brown's Complaint, Affirmative Defenses, and Counterclaims Subject to Rule 8 and Rule 12 Defenses has been electronically filed with the Clerk of the Court using the CM/ECF system which will provide electronic service upon the following:

**ANDERSON ALEXANDER, PLLC**

Austin W. Anderson, Attorney
Email: austin@a2xlaw.com

Cliff Alexander, Attorney
Email: clif@a2xlaw.com

Blayne Fisher, Attorney
Email: blayne@12xlaw.com

Sandy Guerrero, Attorney
Email: sandy@a2xlaw.com

101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Tel. (361) 452-1279
Fax (361) 452-1284
Email team@a2xlaw.com
**ATTORNEYS FOR PLAINTIFF**
**DONALD BROWN**

**EDWARD L. PIÑA**
Attorney at Law